# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| MATTHEW WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-019 |
| | ) | |
| WARDEN HOLT, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This, Matthew Washington's latest 28 U.S.C. § 2254 petition, is a successive petition and therefore must be dismissed. *See Washington v. Hall*, CV401-069, doc. 10 at 2-3 (S.D. Ga. May 17, 2001) (advising dismissal since his § 2254 petition *then* was both successive and time-barred, citing *Washington v. Newsome*, CV485-77 (S.D. Ga. Nov. 17, 1986), and *Washington v. Thomas*, CV488-114 (S.D. Ga. Mar. 2, 1989)), *adopted*, doc. 17 (S.D. Ga. June 14, 2001).

Washington must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court *must* dismiss second or

successive petitions without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009). "This is true even if the latter petition purports to raise new claims." *Thornton v. Fortniss*, 2015 WL 300396 at *2 (N.D. Ala. Jan. 22, 2015); *Scott v. United States*, ___ F. Supp. 3d ___, 2015 WL 310604 at * 8 (M.D. Fla. Jan. 26, 2015) (government disclosed previously withheld *Brady* and *Giglio* violations after first § 2255 motion was litigated; held, second § 2255 motion raising those claims is denied as successive but movant could seek Eleventh Circuit's permission to re-file it).

Because Washington has filed this latest § 2254 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be

**DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this _23rd_ day of March, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA